# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

SAMMIE WHITAKER and TERRIAN J. SCOTT
WHITAKER,

                                        Petitioners,

                    -vs-                                        DECISION and ORDER
                                                                09-MC-6003-CJS
SECRETARY, U.S. DEPARTMENT OF
HOMELAND SECURITY, *et al*.

                                        Respondents.

---

## APPEARANCES

For Petitioners:                        Sammie Whitaker *pro se*
                                        230 Milford Street Apt. B4
                                        Rochester, NY 14615

                                        Terrian J. Scott Whitaker *pro se*
                                        c/o Sammie Whitaker
                                        230 Milford Street Apt. B4
                                        Rochester, NY 14615

For Respondents:                        Gail Y. Mitchell, A.U.S.A.
                                        United States Attorney's Office
                                        Federal Centre
                                        138 Delaware Avenue
                                        Buffalo , NY 14202

## INTRODUCTION

**Siragusa, J.** This is a an action where Petitioners are seeking a writ of mandamus

directing Respondents to process their applications for naturalization under 8 U.S.C.

§ 1421 *et seq*. Before the Court is Respondents' motion to dismiss the petition for lack of

jurisdiction. For the reasons below, Respondents' motion is granted and the petition is dismissed.

## BACKGROUND

In their mandamus petition, Sammie Whitaker and Terrain J. Scott Whitaker ("Petitioners"), a husband and wife, seek relief pursuant to 28 U.S.C. §§ 1421 et seq., based on their allegation that "on or about March 26, 2008, Petitioner filed his/her application for naturalization, under 8 U.S.C.A. 1421 et seq. with Respondents at Immigration & Naturalization Service Center 75 Lower Welden St. Saint Albans, VT 05479-0001." (Petition ¶¶ 1, 3.) They contend that Respondents have not interviewed them and that, "[i]n violation of the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., Respondents are unlawfully withholding or unreasonable delaying action on Petitioner's [sic] application and has [sic] failed to carry out the adjudicative functions delegated to them by law with regard to Petitioner's [sic] case." (*Id*. ¶ 10.)

Respondents contend that,

> Representatives of USCIS,[1] have advised that Sammie Whitaker, the husband of Terrain Scott Whitaker, filed a Petition for Alien Relative (form I-130) on behalf of Terrain Scott Whitaker. *See* Shelby Declaration, ¶ 5. Representatives of USCIS, have further advised that Terrain Scott Whitaker has neither applied for nor been denied naturalization to U.S. Citizenship. *See id*. Further, representatives of USCIS advise that Terrain Scott Whitaker has neither applied for nor been denied adjustment of status. *See id*. Based on these facts, as set forth in the Shelby Declaration, respondents submit that the Court lacks jurisdiction over the claims set forth in the petition.

---

[1]United States Citizenship and Immigration Services.

(Mitchell Aff. ¶ 9.) The Court issued a motion scheduling order, directing Petitioners to respond by May 15, 2009. As of the date of this decision and order, no response has been received.

**STANDARDS OF LAW**

Petitioners assert that this Court has jurisdiction over their petition under the Administrative Procedure Act, 5 U.S.C. §§ 701, *et seq*., and the Declaratory Judgment Act, 28 U.S.C. § 2201. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d Cir. 1996)." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Federal Rule of Civil Procedure 12(b)(1) provides that, "a party may assert the following defenses by motion: (1) lack of subject-matter jurisdiction…." As the Second Circuit wrote in *Makarova*:

> A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it. *See* Fed. R. Civ. P. 12(b)(1). In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court…may refer to evidence outside the pleadings.

*Makarova*, 201 F.3d at 113. The Constitution's Article III establishes the basis for jurisdiction in the federal courts, and, as the Supreme Court stated in *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992), requires the showing of three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized…and (b) "actual or imminent, not 'conjectural' or 'hypothetical,'" Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly…trace[able] to the challenged action of the defendant, and not…the result [of] the independent action of some third

party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Lujan*, 504 U.S. at 560-61 (citations omitted).

## ANALYSIS

It is undisputed that no application for naturalization was ever filed with or denied by Respondents. (Selby Decl. ¶ 5.) As a result, there is no actual, imminent injury in fact traceable to the alleged inaction of Respondents. Accordingly, the Court is without jurisdiction to adjudicate the petition.

## CONCLUSION

Petitioner's petition (Docket No. 1) for a writ of mandamus is dismissed for lack of jurisdiction. The Clerk is directed to close the case.

IT IS SO ORDERED.

Dated:   May 20, 2009
         Rochester, New York

ENTER:

/s/ Charles J. Siragusa
CHARLES J.  SIRAGUSA
United States District Judge